IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL FOREMAN,**                :
                                    :
    **Petitioner,**             :    **CIVIL NO. 3:CV-04-1418**
                                    :
    **v.**                      :    **(JUDGE CAPUTO)**
                                    :
**JOHN ASHCROFT,** *et al.,*        :
                                    :
    **Respondents.**            :

## O R D E R

Petitioner, Michael Foreman (A31 030 322), a native and citizen of Jamaica, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. On February 23, 2004, an Immigration Judge located in York, Pennsylvania, ordered Petitioner removed from the United States to Jamaica. Petitioner claims that he is entitled to waiver of removal and cancellation of removal. Petitioner has been granted a stay of removal (Doc. 4) by this Court.

Presently pending is Respondents' unopposed motion to transfer this case to the United States Court of Appeals for the Third Circuit (Doc. 22.) This Court no longer has jurisdiction to hear habeas petitions challenging final orders of removal. Thus, Respondents' motion will be granted, and this Court will transfer this case to the Third Circuit Court of Appeals.

On May 11, 2005, the Real ID Act of 2005 was signed into law by President George W. Bush. Pub. L. No. 109-113 (May 11, 2005). Section 106 of the Real ID Act of 2005 amends section 242 (8 U.S.C. § 1252) of the Immigration and Nationality Act (INA), so as to remove jurisdiction from federal district courts to hear habeas petitions challenging final orders of removal, and to transfer such cases to the appropriate court of appeals as a petition for review. Real ID Act § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252 (a) (4))). The proper venue for a petition of review is the court of appeals for the judicial circuit

in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2). Petitioner's proceedings were completed by an Immigration Judge in York, Pennsylvania. Thus, the appropriate court for transfer of this case is the United States Court of Appeals for the Third Circuit.

**ACCORDINGLY, THIS 21st DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT:**

1.  Respondents' unopposed motion (Doc. 22) to transfer the above-captioned case to the United States Court of Appeals for the Third Circuit, is **GRANTED**, and the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Third Circuit as a petition for review pursuant to the Real ID Act of 2005.

2.  The parties shall make all future filings with the United States Court of Appeals for the Third Circuit.

3.  The stay of removal previously entered in this case (Doc. 4) shall remain in place until further Order of the Court of Appeals.

4.  The Clerk of Court shall transfer the entire record in this case to the United States Court of Appeals for the Third Circuit.

5.  Pursuant to the Special Notice from the United States Court of Appeals for the Third Circuit, dated June 16, 2005, within ten (10) days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by this Court is sufficient for purposes of the petition for review, or whether additional documents are necessary.

6.  The Clerk of Court is directed to close this case.

                                                      /s/ A. Richard Caputo
                                                      A. RICHARD CAPUTO
                                                      United States District Judge